IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AMANDA L. ZAHN, | CV 23–65–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| FLATHEAD COUNTY; JEFFREY J. PERRY; TRAVIS SMITH; and DOES I–X, | |
| Defendants. | |

Before the Court is Defendants' Motion to Preclude Non-Disclosed Expert Testimony of Mark Weber, M.D. (Doc. 37) and Defendants' Motion for Leave to File Notice of Supplemental Facts (Doc. 46). For the reasons discussed below, the Court denies Defendants' Motion to Preclude Non-Disclosed Expert Testimony of Mark Weber, M.D. (Doc. 37) and denies Defendants' Motion for Leave to File Notice of Supplemental Facts as moot (Doc. 46).

### PROCEDURAL AND FACTUAL BACKGROUND

On August 13, 2024, the Court issued a Scheduling Order governing expert disclosures. (Doc. 24.) In accordance with Federal Rule of Civil Procedure 26(a)(2)(B)–(C), the Court advised the parties that expert reports for any witness who is retained or specially employed to provide expert testimony, or whose duties

1

as a party's employee involve giving expert testimony, must be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify, and must satisfy the requirements of Rule 26(a)(2)(B). (*Id.* at 7.) The Order further explains that a treating physician is not considered a retained expert unless the testimony offered goes beyond care, treatment, and prognosis, in which case full compliance with Rule 26(a)(2)(B) is required. (*Id.* at 7–8.) For witnesses not required to provide a written report pursuant to Rule 26(a)(2)(C), the Court advised that a party must still serve a written disclosure identifying "(i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." (*Id.* at 8.)

On December 13, 2024, Plaintiff served her Expert Witness Disclosure. (Doc. 38-1.) The disclosure identified RaeLynn Christians as a retained life-care-planning expert. (*Id.* at 2.) It also listed fifty-six non-retained or "hybrid" witnesses—primarily medical providers—expected to testify regarding Zahn's care, treatment, and prognosis. (*Id.* at 4–68.) Among those identified was Dr. Mark Weber, a doctor at Logan Health Medical Center INPT Rehab who treated Zahn following the May 2021 incident giving rise to this case. (*Id.* at 8–9.) Plaintiff's disclosure summarized Dr. Weber's treatment between June 2021 and March 2023, stating that he would testify regarding Zahn's L1 spine fracture, paraplegia,

spasticity, neurogenic bowel and bladder, neuropathic pain, and related complications, including dependent edema, venous pooling, and chronic muscle spasms. (*Id.* at 9–10.) The disclosure further indicated that Dr. Weber would address his discharge instructions and recommendations, including physical and occupational therapy, talk-based therapy, vocational rehabilitation, independent-living support, and referrals for pain-management specialists. (*Id.*) It also stated that Dr. Weber would testify to the permanence of Zahn's spinal-cord injury and her potential for limited functional improvement with diligent therapy, as well as the contents of the medical records he created during and after his treatment. (*Id.* at 10–11.)

Defendants argue that, although Plaintiff identified Dr. Weber as a non-retained expert witness, Plaintiff's retained life-care-planning expert, Rae Lynn Christians, relied on a December 4, 2024, letter drafted by Ms. Christians and signed by Dr. Weber nearly eighteen months after his last treatment of Zahn. (Doc. 43 at 2.) According to Defendants, the letter summarizes Zahn's medical history and sets forth new opinions and recommendations for future medical care that were not contained in Dr. Weber's treatment records, therefore going beyond his contemporaneous care, treatment, and prognosis of her. (*Id.* at 4.) Defendants assert that these opinions were developed after the course of treatment and in anticipation of litigation, thereby converting Dr. Weber into a retained expert

subject to the report requirements of Rule 26(a)(2)(B). (*Id.* at 8–9.) Defendants

therefore move to preclude Dr. Weber from offering those opinions at trial and to

bar Ms. Christians from relying on them in her Life Care Plan. (*Id.* at 15.)

Plaintiff opposes the motion, maintaining that Dr. Weber's December 3,

2024, letter merely summarizes his prior treatment and prognosis and was provided

voluntarily to Ms. Christians as part of her routine investigation into the nature and

extent of Zahn's injuries and the need for future medical care. (Doc. 42 at 3–4.)

Plaintiff asserts that neither counsel nor Ms. Christians compensated Dr. Weber for

his opinions, and that counsel was unaware of the communication until after it

occurred. (*Id.*) Plaintiff argues that because the letter simply reiterates the

substance of Dr. Weber's prior treatment opinions, it does not convert him into a

retained expert or trigger the reporting requirements of Rule 26(a)(2)(B). (*Id.* at 4–

5.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) requires each party to "disclose to

the other parties the identity of any witness it may use at trial to present evidence

under Federal Rule of Evidence 702, 703, or 705." Parties must make their expert

disclosures consistent with the timing and procedures established by the Court.

*Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir.

2011). Under Rule 37(c)(1), if a party fails to make the required disclosures, "the

party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding that exclusion under Rule 37(c)(1) is improper where the failure to disclose is substantially justified or harmless).

Rule 26(a)(2) establishes two categories of expert disclosure requirements. The first applies to witnesses who are retained or specially employed to provide expert testimony in a case, and it requires a detailed written report under Rule 26(a)(2)(B). *Laslovich v. State Farm Fire and Cas. Co.*, 307 F.R.D. 533, 535 (D. Mont. 2015). The second applies to witnesses who are not retained or specially employed but may nonetheless provide expert testimony, requiring only a written disclosure under Rule 26(a)(2)(C). *Id.*

A treating physician typically falls within the second category. Fed. R. Civ. P. 26(a)(2)(C), 2010 Ad. Comm. Notes. However, a treating physician is exempt from the written-report requirement only to the extent that the opinions were formed during the course of treatment. *Goodman*, 644 F.3d at 826. Opinions developed after treatment must instead be disclosed in a detailed report consistent with Rule 26(a)(2)(B). *Holcomb v. Ramar*, 2017 WL 2930854, at *1 (E.D. Cal. July 10, 2017).

## DISCUSSION

The parties' dispute centers on whether Dr. Weber's opinions—provided to Plaintiff's life-care planner after his treatment concluded—converted him from a non-retained treating physician under Rule 26(a)(2)(C) to a retained expert subject to the report requirement of Rule 26(a)(2)(B). The Court finds that they did not. Dr. Weber's opinions were formed during the course of his treatment and subsequently reaffirmed to Plaintiff's life-care planner. Because those opinions remain within the scope of Rule 26(a)(2)(C), the Court need not address the heightened disclosure or exclusion standards of Rule 26(a)(2)(B) or Rule 37(c)(1).

Under Rule 26(a)(2)(C), witnesses who are not required to provide a written report must disclose "(i) the subject matter on which the witness is expected to present evidence … and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).  Treating physicians generally fall within this category because their testimony is based on personal knowledge and observations made during the course of treatment, rather than information acquired for litigation. *Goodman*, 644 F.3d at 826; *St. Vincent v. Werner Enters., Inc.*, 267 F.R.D. 344, 345 (D. Mont. 2010). A treating physician may offer opinions on matters such as diagnosis, causation, prognosis, and future

care when those opinions are derived from the physician's examination, history, and treatment of the patient. *See Arneson v. Mich. Tissue Bank*, 2007 WL 4698986, at *10 (D. Mont. Mar. 26, 2007).

Plaintiff's December 13, 2024, expert disclosure identifies Dr. Mark Weber as one of fifty-six non-retained or "hybrid" medical providers expected to testify under Rule 26(a)(2)(C). (Doc. 38-1 at 8.) Consistent with the Rule, the disclosure identifies both the subject matter and a summary of his opinions: Dr. Weber's diagnosis and treatment of Zahn's L1 spinal-cord injury and related complications, including paraplegia, spasticity, neuropathic pain, and neurogenic bowel and bladder, as well as his prognosis that the injury is permanent and requires ongoing therapy, pain management, and independent-living support. (*Id.* at 9–11.) The disclosure reflects opinions drawn directly from Dr. Weber's treatment records and formed between June 2021 and March 2023 during his care at Logan Health Medical Center's rehabilitation unit. These opinions were therefore properly disclosed under Rule 26(a)(2)(C).

Defendants argue that Dr. Weber's December 3, 2024, letter to Plaintiff's life-care planner, RaeLynn Christians, converted him into a retained expert whose opinions required a written report under Rule 26(a)(2)(B). (Doc. 38 at 6–9.) They contend the letter, prepared nearly eighteen months after Dr. Weber's last treatment visit, offers new opinions about future medical needs and was therefore

created for litigation purposes. (Docs. 38 at 6–9; 43 at 2–4.) Plaintiff responds that the letter merely summarizes Dr. Weber's prior treatment-based opinions, that neither she nor counsel requested or compensated Dr. Weber for it, and that Ms. Christians' consultation was a standard part of the life-care planning process. (Doc. 42 at 3–5.)

The Court disagrees with Defendants' characterization. Having considered the authorities cited by the parties, the Court finds persuasive the reasoning in *Feindt v. United States*, 2024 WL 1717371 (D. Haw. Apr. 22, 2024), and *Nelson v. Toyota Motor Corp.*, 2024 WL 3375772 (D. Colo. July 11, 2024). In *Feindt*, the court declined to exclude testimony where a treating physician reaffirmed treatment-based opinions for a life-care planner, explaining that such reliance is permissible under Rule 703 because life-care planners routinely consult treating providers to verify medical facts and prognoses underlying future-care projections. *Feindt* at *3–5. Likewise, *Nelson* recognized that a treating physician does not become a retained expert merely by confirming opinions consistent with prior treatment and medical records, as life-care planners may reasonably rely on those opinions under Rule 703. *Nelson* at *4. The same reasoning applies here.

A life-care planner's job is to gather information, often including input from treating physicians like Dr. Weber, to estimate a plaintiff's future medical and financial needs. Ms. Christians' consultation with Dr. Weber fits squarely within

that ordinary process. Dr. Weber's December 3, 2024, letter did not introduce new or litigation-driven opinions; rather, it reaffirmed the same treatment-based findings reflected in his medical records and summarized in Plaintiff's disclosure—namely, that Zahn's spinal-cord injury is permanent, that she will continue to experience chronic complications, and that diligent therapy and pain management will remain necessary. Such a brief reaffirmation of treatment-based opinions does not transform a treating physician into a retained expert under Rule 26(a)(2)(B).

Rule 26(a)(2)(B)'s written-report requirement applies only when a witness is retained or specially employed to provide expert testimony, or when the opinions extend beyond the scope of treatment to include new analyses developed for litigation. *Goodman*, 644 F.3d at 826. Dr. Weber's conduct satisfies neither condition: he was not retained or compensated, and his letter merely restated opinions formed during the course of treatment.

Even assuming arguendo that Dr. Weber's December 2024 letter supplemented his earlier disclosure, exclusion under Rule 37(c)(1) would be unwarranted. Exclusion is improper where any failure to disclose is substantially justified or harmless. *Yeti*, 259 F.3d at 1106. Defendants have had access to Dr. Weber's records and opinions since Plaintiff's December 2024 disclosure, and discovery remains in its early stages. Any potential prejudice can be addressed

through further discovery rather than exclusion. Defendants may depose or re-depose Dr. Weber and may retain a rebuttal expert if they wish to challenge his conclusions.

Under the plain language of Rule 26(a)(2)(C) and the Court's Scheduling Order (Doc. 24 at 7–8), Dr. Weber's testimony regarding diagnosis, prognosis, and future care—formed during treatment and reflected in medical records—falls within the permissible scope of non-retained expert testimony. His limited correspondence with Ms. Christians did not expand his role or trigger the report requirements of Rule 26(a)(2)(B). Accordingly, the Court finds that Dr. Weber's treatment-based opinions were properly disclosed under Rule 26(a)(2)(C).

CONCLUSION

Dr. Weber's opinions, as disclosed on December 13, 2024, and reiterated in his December 3, 2024, letter to Ms. Christians, remain within the scope of Rule 26(a)(2)(C). The letter did not transform him into a retained expert under Rule 26(a)(2)(B), nor does it introduce new litigation-driven analysis. Any potential prejudice to Defendants is minimal and can be cured through additional discovery.

Accordingly, IT IS ORDERED that Defendants' Motion to Preclude Non-Disclosed Expert Testimony of Mark Weber, M.D. (Doc. 37) is DENIED. Defendants' counsel may depose or re-depose Dr. Weber regarding the scope of

his opinions and the contents of his December 3, 2024, letter. Defendants may also retain and designate a rebuttal expert consistent with this Order.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Notice of Supplemental Facts (Doc. 46) is DENIED as moot.

DATED this 23rd day of October, 2025.

Dana L. Christensen, District Judge
United States District Court